Sari ANGGRIANI; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 09–71654.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 23, 2012.

Orit Levit, All Immigration Law Group, PC, Sherman Oaks, CA, for Petitioners.

Aliza Bessie Alyeshmerni, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Sari Anggriani and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *See Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Anggriani did not experience harms in Indonesia amounting to past persecution. *See id.* at 1059–60; *Halim v. Holder,* 590 F.3d 971, 975–76 (9th Cir.2009). In addition, even as a member of a disfavored group, the record does not compel the conclusion that Anggriani established a well-founded fear of persecution in Indonesia because she did not demonstrate sufficient individualized risk of persecution. *See Halim,* 590 F.3d at 979; *cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not that they will be tortured upon return to Indonesia. *See Wakkary,* 558 F.3d at 1067–68.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, petitioners' due process claim fails because the proceedings were not so fundamentally unfair that Anggriani was prevented from reasonably presenting her case, and because she failed to demonstrate prejudice. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.